UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12748-RGS

BRIAN FIRTH

v.

TD BANK, N.A.

MEMORANDUM AND ORDER ON
MOTION TO REMAND

December 12, 2013

STEARNS, D.J.

Defendant, TD Bank, N.A., employed plaintiff Brian Firth as an Assistant Branch Manager in Methuen, Massachusetts, from January 28, 2008, until October 4, 2010, when it terminated his employment.  Firth filed this lawsuit on October 4, 2013, in Essex Superior Court, alleging that TD Bank violated the Massachusetts Overtime Law, Mass. Gen. Laws ch. 151, § 1A, and the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, by "failing to pay [him] at least time-and-one-half for each hour worked over 40 hours per week" (Count II); violated Mass. Gen. Laws ch. 93A by engaging in "unfair and deceptive acts or practices" (Count VI); and breached an implied employment contract as to wages, vacation policies, discipline policies, and promotional opportunities (Counts I, II, IV, & V).  TD Bank timely removed the case from

the state court on October 30, 2013, invoking this court's diversity jurisdiction. Firth seeks a remand of the case, asserting that his voluntary dismissal of the Chapter 93A claim reduces the amount in controversy to a sum below the $75,000 jurisdictional threshold. The motion to remand will be denied.

## DISCUSSION

On a motion to remand, the burden rests with the removing party to demonstrate the existence of federal subject matter jurisdiction. *See BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 830-831 (1st Cir. 1997). Thus, TD Bank must establish jurisdiction in this court to a "reasonable certainty." *See Toro v. CSX Intermodal Terminals, Inc.*, 2013 WL 593947, at *3 (D. Mass. Feb. 14, 2013); *cf. Amoche v. Guar. Trust Life Ins.*, 556 F.3d 41, 50 (1st Cir. 2009) (upholding reasonable probability standard in assessing the jurisdictional minimum under the Class Action Fairness Act). "Normally, attorney's fees are excluded from the amount-in-controversy determination because 'the successful party does not collect his attorney's fees in addition to or as part of the judgment.' There are two exceptions to this rule: when the fees are provided for by contract, and when a statute mandates or allows payment of the fees." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 7 (1st Cir. 2001), quoting *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979). Statutory damages multipliers are included as a

2

matter of course.  *See Toro*, 2013 WL 593947, at *13.

In deciding the dispute between Firth and TD Bank, this court need look no further than the Supreme Court's decision in *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938).  It instructs that

> [t]he rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. *It must appear to a legal certainty* that the claim is really for less than the jurisdictional amount to justify dismissal.  The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the jurisdiction.  Nor does the fact that the complaint discloses the existence of a valid defense to the claim.  But if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.

*Id.* at 288-290 (emphasis added).  Moreover, where "as here, the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."  *Id.* at 292.

While under *St. Paul Mercury,* the court cannot consider Firth's pleading amendments in assessing the amount in controversy for jurisdictional purposes, it will strike those claims in the Complaint as filed that are, as a "legal certainty," unviable.  "A situation which typically meets the legal certainty test

3

occurs where a rule of law or measure of damages limits the amount of damages recoverable." *Morris v. Hotel Riviera, Inc.*, 704 F.2d 1113, 1115 (9th Cir. 1983). There is one such rule in Massachusetts law that without peradventure applies in this case. It has long been black letter law that a dispute arising out of the employer/employee relationship cannot be prosecuted under Mass. Gen. Laws ch. 93A. *See Anzalone v. Massachusetts Bay Transit Auth.*, 403 Mass. 119, 122 (1988) ("'[W]e believe that the Legislature did not intend [Chapter] [93A] to cover employment contract disputes between employers and the employees who work in the employer's organization . . . .'") (quoting *Manning v. Zuckerman*, 388 Mass. 8, 12 (1983)); *T. Butera Auburn, LLC v. Williams*, 83 Mass. App. Ct. 496 (2013) (same). Therefore, any potential multiplication of damages under Chapter 93A will not be considered in the court's calculations.

However, the Complaint also alleges violations under the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, §§ 148 and 150, and a claim to "unpaid wages including overtime, tripled, plus reasonable attorney's fees." Compl. ¶ 30. The Wage Act (since July 12, 2008) provides that a prevailing employee *must* be awarded treble damages, reasonable attorney's fees, and costs. *See Rosnov v. Molloy*, 460 Mass. 474, 479 (2011); *see also* Mass. Gen. Laws ch. 149, § 150, as amended by St.2008, ch. 80, § 50. Given Firth's statutory and

4

common-law claims and the allegation that he accrued damages under both species of claims for more than two years, there can be little doubt but that a potential award in this litigation could well exceed $75,000.[1]

ORDER

For the foregoing reasons, plaintiff's motion to remand is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE

---

[1] Although TD Bank has asserted plausible defenses to these claims, pursuant to *St. Paul Mercury*, the court does not consider their potential impact on the ultimate award of damages, if any.