UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-12748-RGS

BRIAN FIRTH

v.

TD BANK, N.A.

MEMORANDUM AND ORDER ON
MOTION TO DISMISS/SUMMARY JUDGMENT

January 14, 2014

STEARNS, D.J.

TD Bank, N.A., employed plaintiff Brian Firth in an at-will status from January 28, 2008, until October 4, 2010, when it terminated his employment. Firth filed this lawsuit on October 4, 2013, in Essex Superior Court, alleging that TD Bank had violated the Massachusetts Overtime Law, Mass. Gen. Laws ch. 151, § 1A, and the Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148, by "failing to pay [him] at least time-and-one-half for each hour worked over 40 hours per week" (Count II); and had breached an implied employment contract as to wages, vacation policies, discipline policies, and promotional opportunities (Counts I, III, IV, & V).[1] TD Bank timely removed the case from

---

[1] The original Complaint included a claim under Mass. Gen. Laws ch. 93A (Count VI). In his Opposition to the motion to dismiss, Firth voluntarily (and appropriately) dismisses this claim. *See* Dkt. #22 at 7; *Manning v. Zuckerman*, 388 Mass. 8, 12 (1983).

the state court on October 30, 2013, invoking this court's diversity jurisdiction. Firth's responsive motion to remand was denied.  TD Bank then moved to dismiss the Complaint, including in its filing documents referenced in the Complaint and others outside the pleadings.  Choosing to consider those documents referenced in Firth's Complaint (the TD Bank Employee Handbook; Employee Acknowledgment Form; and Firth's Corrective Action Plan), the court, on December 17, 2013, converted TD Bank's motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P. 12(d).  Accordingly, the court directed TD Bank to file a verifying affidavit, and provided Firth with an opportunity to submit any materials outside the pleadings pertinent to his Opposition. *See Rivera v. Centro Medico de Turabo, Inc.,* 575 F.3d 10, 15 (1st Cir. 2009) *(*"Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment.*"); Dynamic Image Techs., Inc. v. United States*, 221 F.3d 34, 37 (1st Cir. 2000) (same).  Firth has chosen to file no material supplementing his original Opposition.

BACKGROUND

TD Bank hired Firth on or about January 28, 2008, as a Financial Service

2

Representative.  *See* Compl. ¶ 5.  On January 31, 2008, Firth signed an Employee Acknowledgment Form attesting to receipt of TD Bank's then current 2007 Employee Handbook.  The Form contained the following provisions:

> I understand that my employment with the Company is "at will." This means that my employment with the Company is for an indefinite period of time. I may terminate my employment at any time, for any reason, with or without cause, and with or without prior notice. The Company also retains the same rights and may terminate my employment at any time, for any reason, with or without cause, and with or without prior notice;

> I understand that the provisions of this Employee Handbook, and all other Company policies, procedures and statements, whether oral or written, are not intended to create, and do not create, an express or implied contract of employment, or any other contractual rights, obligations or relationships of any kind, between me and the Company.  I also understand that no implied contract concerning any term or condition of my employment can be established by any conduct or practice of the Company;

> I understand that the Company reserves the right in its sole discretion to change, revoke, suspend, terminate or deviate from any Company policies and procedures, including this Employee Handbook, in whole or in part, at any time, with or without cause, and with or without notice;

> I also understand that the interpretation, application and administration of all Company policies and procedures, including those in this Employee Handbook, rests exclusively with the Company; and

> I understand that no representative of the Company has the authority to make any agreement contrary to the foregoing unless it is in writing, directed to me personally and signed by the

3

President & CEO of TD Banknorth.

Dkt. #8-2 at 4-5; Bishop Aff. ¶ 6.

In September of 2008, TD Bank assigned Firth to work as an Assistant Store Manager at its branch at 91 Pleasant Valley Street in Methuen, Massachusetts. Compl. ¶ 6.  TD Bank classified the Assistant Store Manager's position as exempt from the Massachusetts Overtime Law.  In January of 2009, TD Bank issued a revised Employee Handbook.  As before, Firth electronically signed an Employee Acknowledgment Form on March 30, 2009. In all material respects, the 2009 Employee Acknowledgment Form was identical to the one Firth signed on January 31, 2008.

In March of 2010, Firth's supervisor, Branch Manager Rosemarie Desmond placed him on a Corrective Action Plan (Plan) for alleged insubordination and lack of managerial aptitude.  Compl. ¶¶ 9 & 17.  The Plan was designed "to address concerns with Brian's failure to follow through on assigned tasks, recent acts of insubordination, unprofessionalism and lack of leadership qualities."  Dkt. #8-5 - Plan at 1.  The Plan stated as follows.

> The necessity and the severity of any performance actions or consequences will be determined at the sole discretion and judgment of the Company.  The successful completion of this CAP or any disciplinary action does not alter the employee's At-Will status. Time frame for CAP in no way guarantees employment for any period of time and may be shortened, extended, or discontinued in the sole discretion of the Company. If performance

4

> slips further during the specified time of the CAP, or, if it slips back into unacceptable patterns after successfully completing the CAP, immediate disciplinary action may result, up to and including termination.

*Id.* at 2.  The Corrective Action Plan warned Firth that the failure to improve his performance would result "in further disciplinary action up to and including termination."  *Id.* at 3.  On October 4, 2010, TD Bank terminated Firth for insubordination and for failing to deliver a message to another employee.  Compl. ¶ 18.

In the October 13, 2013 Complaint, Firth alleges that Desmond (his supervisor) consistently required him to work more than forty hours per week. More specifically, Firth alleges that between April of 2010 and October of 2010, he was obliged to work "up to twenty hours of overtime every week" at the Methuen branch *Id.* ¶ 13.

## DISCUSSION

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For a dispute to be "genuine," the "evidence relevant to the issue, viewed in the light most flattering to the party opposing the motion, must be sufficiently open-ended to permit a rational

factfinder to resolve the issue in favor of either side." *Nat'l Amusements, Inc. v. Town of Dedham*, 43 F.3d 731, 735 (1st Cir. 1995) (citation omitted). "Trialworthiness requires not only a 'genuine' issue but also an issue that involves a 'material' fact." *Id*. A material fact is one which has the "potential to affect the outcome of the suit under applicable law." *Nereida-Gonzalez v. Tirado-Delgado*, 990 F.2d 701, 703 (1st Cir. 1993).

Firth claims that TD Bank violated the state Overtime Law and Wage Act "by failing to pay [him] at least time-and-one-half for each hour he worked over 40 hours per week." Compl. ¶ 28. Each of the statutory wage claims succumbs to the statute of limitations. Firth was terminated by TD Bank on October 4, 2010, and filed this lawsuit on October 13, 2013, over a year after the expiration of the two-year limitations period of the Overtime Law and nine days after the three year limitations period of the Wage Act.

Firth argues that the "discovery rule" should nonetheless apply because "[f]rom the time he was an assistant branch manager until his termination [TD Bank] classified him as being exempt from overtime. He did not discover he *may have been* misclassified as being exempt from overtime laws until April of 2012." Opp'n at 6 (emphasis added). The discovery rule is an equitable exception to the statute of limitations and, insofar as relevant here, provides as follows: "[W]hen a defendant fraudulently conceals a cause of action from

the knowledge of a plaintiff, the statute of limitations is tolled under G.L. c. 260, § 12, for the period prior to the plaintiff's discovery of the cause of action." *Crocker v. Townsend Oil Co., Inc.*, 464 Mass. 1, 8-9 (2012) (citations omitted). The discovery rule does not, however, protect the obtuse or the indolent. "The discovery rule starts a limitations period running when events occur or facts surface which would cause a reasonably prudent person to become aware that he or she had been harmed." *Felton v. Labor Relations Comm'n*, 33 Mass. App. Ct. 926, 928 (1992). At that point, the statute begins to run even if the plaintiff does not know the full extent of his injuries. *Bowen v. Eli Lilly & Co., Inc.*, 408 Mass. 204, 207 (1990). Here there is no plausible claim that TD Bank concealed its classification of Firth as an exempt employee. Both iterations of the Employee Handbook issued to Firth specifically stated that Assistant Store Managers were salaried employees ineligible for overtime pay. Firth certainly knew when he cashed his weekly paycheck that he was being paid the same salary regardless of the number of hours that he had worked. Nor does Firth provide any cogent argument that he was not properly classified by TD Bank as an employee engaged in "a bona fide executive, administrative or professional capacity" and therefore exempt from overtime wage requirements. Nor does Firth reveal the content of the April of 2012 revelation that caused him to believe that he "may have been misclassified" as an exempt

7

employee. Because Firth has failed to identify a material dispute of act with respect to his employment classification or the application of the discovery rule, his statutory wage claims will be dismissed as barred by the statutes of limitations.

As a fallback position , Firth relies on *Lipsitt v. Plaud*, 466 Mass. 240, 255 (2013), for the proposition that TD Bank's failure to pay him overtime amounted to a breach of an implied employment contract subject to a six-year statute of limitations. In this regard, Firth alleges that "[a]s part of its policies and procedures, including those in the relevant TD Bank employee handbook, all non-exempt employees that work more than 40 hours per week, or work on a Sunday or legal holiday, shall be paid time and one half." Compl. ¶ 23. Firth contends that "[d]espite being classified as "exempt" from overtime by TD Bank, [he] was in fact non-exempt . . . ." *Id*. ¶ 24.

Putting aside the conclusory nature of Firth's claim to be non-exempt, the distinguishing feature in *Plaud* was a signed employment contract.[2] While it is "well-settled" in Massachusetts law that the terms of a personnel manual may become an implied part of an at-will employee's conditions of

---

[2] In *Plaud,* the Supreme Judicial Court held that the Wage Act does not statutorily preempt a common- law claim for unpaid wages under breach of contract or quasi-contract theories. 466 Mass. at 255.

employment, this is true only if the circumstances in which the handbook is created and issued meet the requirements for the formation of a unilateral contract. *LeMaitre v. Massachusetts Turnpike Auth.*, 70 Mass. App. Ct. 634, 638 (2007), *aff'd*, 452 Mass. 753 (2008). In *Jackson v. Action for Boston Cmty. Dev., Inc.*, 403 Mass. 8, 14 (1988), the Supreme Judicial Court held that an implied employment contract did not exist as a matter of law where, as here, TD Bank retained the right to unilaterally modify the Handbook's terms; there was no negotiation between TD Bank and Firth regarding the terms of the Handbook; and the Handbook set out no specific term of Firth's employment. *Id.* at 14-15; *see also O'Brien v. New England Tel. & Tel. Co.*, 422 Mass. 686, 691 (1996).[3] Because the TD Bank Handbook, like the manual in *Jackson*, cannot as a matter of law form the basis of an enforceable employment contract, Firth's breach of implied contract claims regarding vacation policies and practices (Count III); disciplinary policies and practices (Count IV); and promotional opportunities policies and practices (Count V); will also be dismissed.

## ORDER

---

[3] The Acknowledgment Forms signed by Firth repeatedly reminded him that the Handbook did not constitute an employment contract and that he was and would remain an at-will employee.

For the foregoing reasons, TD Bank's motion to dismiss, converted to one for summary judgment, is <u>ALLOWED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE